

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Joe D. Browning
County Judge
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-6606
Re: Under the provisions of
Section 19, Senate Bill No.
74, Regular Session, 45th
Leg., can Nueces County
engage in construction pro-
jects to widen a present
highway or pave a dirt road
without supervision of a
registered professional engineer,
where the total expenditure
exceeds $3,000.00? And other
questions.

We are in receipt of your communication of May 22,
1945, requesting an opinion from this department on the
above stated matters. Under the provisions of Art. 4399,
V. A. C. S., opinions from this department are to be given
only to the officials named in said article. However, in
view of the absence of your County Attorney and County
Auditor, and in view of the urgent nature of your request,
we are making an exception and advising you with reference
to your inquiry. We quote from your request as follows:

"1. Can the County engage in the construction
of road or highway, without supervision of
a registered professional engineer where
the total expenditure exceeds $3,000.00 by
letting separate contracts for parts of the
work or performing the work as separate units,
each for less than $3,000.00? Otherwise
stated, may the Commissioners divide the con-
struction of, say, a mile of highway into suf-
ficient parts or sections that each costs less
than three thousand dollars and term the units
each a 'completed project' or does the Act
contemplate the entire mile to be a 'completed
project'?

Honorable Joe D. Browning,  page 2

"2.  What is 'road maintenance or betterment work'
within the provisions of the Act?  Otherwise
stated, would the work, say, to create a three
lane highway of what formerly was a two lane
highway be 'road maintenance or betterment
work' exempt from the requirements of the Act?
Would the work, say, to change the road from
an earth graded road to a surfaced road be
'road maintenance or betterment work' exempt
from the requirements of the Act?

"3.  Revised Statutes, Art. 2368a, requires com-
petitive bidding for construction and materials.

May the Commissioners' Court limit the bidding
to materials from a particular locality by
designating its geographical name, 'Blankville
Gravel', or must the gravel or other material,
not patented, be specified by other character-
istics so as to permit bids on other like
materials from other geographical location?"

Section 19, Article 3271a, V. A. C. S., provides:

"After the first day of January, 1938, it shall
be unlawful for this State, or for any of its political
subdivisions, for any county, city, or town, to engage
in the construction of any public work involving pro-
fessional engineering, where public health, public
welfare or public safety is involved, unless the
engineering plans and specifications and estimates
have been prepared by, and the engineering construc-
tion is to be executed under the direct supervision
of a registered professional engineer; provided, that
nothing in this Act shall be held to apply to any
public work wherein the contemplated expenditure
for the completed project does not exceed Three
Thousand ($3,000.00) Dollars.  Provided, that this
Act shall not apply to any road maintenance or
betterment work undertaken by the County Commis-
sioners' Court."

We note that in the above quoted section, the provisions
of the Act are not applicable when the work is "road maintenance
or betterment work" undertaken by the County Commissioners' Court.
In the case of Dallas County et al vs. Plowman, (Sup. Ct.) 91 S.W.

Honorable Joe D. Browning, page 3

221, the Court construed the term "maintenance", as said term was used in the following language of Art. 8, Sec. 9 of the Constitution of Texas:

"The Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws."

In discussing the term "maintenance", the Court said:

"The literal meaning of the word 'maintenance' would not include the laying out or construction of a road, but would relate to the repair and improvement of roads already laid out and constructed." (Emphasis ours)

However, the court held that the term as used in Art. 8, Sec. 9, of the Constitution of Texas, supra, should not be construed literally, but should be given a more liberal interpretation in view of the necessity of a fair and reasonable application of the term in connection with the relevant provisions of the Constitution, and held that the term included the laying out and construction of roads as well as repair and improvement. (To the same effect see Smith v. Grayson County, 44 S. W. 921 (Tex. Civ. App.); Garrett v. Limestone County (Civ. App.) 230 S. W. 1010, reversed on other grounds (Com. App.) 236 S. W. 970; 238 S. W. 894; Hughes v. Harris County, (Civ. App.) 35 S. W. (2d) 818; Dallas County v. Plowman, 91 S. W. 221 (Tex. Sup. Ct.); Handy v. Johnson, 51 F. (2d) 809; Quinn v. Johnson, Tex. Civ. App., 91 S. W. (2d) 499; Tarrant County v. Shannon, 104 S. W. (2d) 4; and Crow v. Tinner, 47 S. W. (2d) 391.)

It is apparent that the term "maintenance" as used in Sec. 19 of Art. 3271e is not used in the same context as the term was used in Art. 8, Sec. 9 of the Constitution of Texas referred to in the above cited cases. However, under the literal interpretation of the term "maintenance" (Dallas Co. et al vs. Plowman, supra), it would include repairs and improvements of roads already laid out and constructed.

With reference to the term "betterment", we quote from Webster's New International Dictionary, 2nd Edition, as follows:

Honorable Joe D. Browning, page 4

"betterment.

1. A making or becoming better; amendment;
improvement.

2. Law. An improvement of an estate which
renders it better than mere repairing would
do. Betterment includes any addition to,
or alteration of the condition of the estate
which is not a mere act of restoration in-
volved in repair, whether new buildings,
new appliances, improved draining, opening
or widening of adjacent streets, etc.

3. Hence, any improvement of a highway, railway,
business establishment or the like, that does
more than restore it to its former good con-
dition. . . ." (underscoring ours)

According to Bouvier's Law Dictionary, Vol. 1, the
word "betterments" ordinarily means improvement to property,
better than mere repairs. (Citing Haddocks vs. Jellison,
11 Me. 482; Davis' Lessee vs. Powell, 13 Ohio 308; M'Kinly
vs. Holliday, 10 Yerg (Tenn.) 477; Thompson vs. Gilman, 17
Vt. 109.)

In view of the above and foregoing authorities with
reference to the terms "maintenance" and "betterment", it is
our opinion that when the County Commissioners' Court under-
takes to create a three lane highway of what formerly was a
two lane highway, or to change a road from an earth graded
road to a surfaced road, such work would be "road maintenance
or betterment work" of the type exempt from the requirements
of Sec. 19, Art. 3271a. Since we think that the type of work
referred to in your inquiry is not subject to the provisions
of said article, we shall not herein pass upon your question
with reference to dividing the proposed road into parts or
sections wherein the cost of each part or section would be
less than $3,000.00.

With reference to your third question, which concerns
the authority of the Commissioners' Court in connection with
limiting the bidding on certain materials to materials from a
particular locality, we refer you to Articles 2368a and 1659,
V. A. C. S.

Honorable Joe D. Browning, page 5

Art. 2368a provides in part:

"No county acting through its Commissioners'
Court, and no city in this State, shall hereafter
make or enter into any contract or agreement for the
construction of any public building, or the prosecu-
tion and completion of any public work requiring or
authorizing any expenditure in excess of Two Thou-
sand Dollars ($2,000.00), creating or imposing an
obligation or liability of any nature or character
upon such county, or any subdivision of such county,
or upon such city, without first submitting such
proposed contract or agreement to competitive bids.
Notice of the time and place when and where such
contract shall be let shall be published in such
county. . . . once a week for two consecutive weeks
prior to the time set for letting such contract,
the date of the first publication to be at least
fourteen days prior to the date set for letting
said contract, and said contract shall be let to
the lowest responsible bidder, on the respective
type of construction selected. The Court and, or,
governing body shall have the right to reject any
and all bids, and said bidder shall be required
to give good and sufficient bond in the full
amount of the contract price, . . . . and pro-
vided further, that it (this provision) shall
not be applied to contracts for personal or for
professional services, nor to work done by such
county or city and paid for by the day, as such
work progresses. . . ."

Art. 1659 provides:

"Supplies of every kind, road and bridge
material, or any other material, for the use of
said county, or any of its officers, departments,
or institutions must be purchased on competitive
bids, the contract to be awarded to the party who,
in the judgment of the commissioners court, has
submitted the lowest and best bid. The county
auditor shall advertise for a period of two weeks
in at least one daily newspaper, published and
circulated in the county, for such supplies and
material according to specifications, giving in
detail what is needed. Such advertisements shall

state where the specifications are to be found, and shall give the time and place for receiving such bids. All such competitive bids shall be kept on file by the county auditor as a part of the records of his office, and shall be subject to inspection by any one desiring to see them. Copies of all bids received shall be furnished by the county auditor to the county judge and to the commissioners' court; and when the bids received are not satisfactory to the said judge or county commissioners, the auditor shall reject said bids and re-advertise for new bids. In cases of emergency, purchases not in excess of one hundred and fifty dollars may be made upon requisition to be approved by the commissioners' court, without advertising for competitive bids."

Although the Commissioners' Court is given broad discretionary powers with respect to establishing and setting specifications for materials and supplies to be purchased and used by the county, when the county advertises for bids in pursuance of the provisions of either of the above quoted statutes, it is apparent that the objects of the statutes are to secure fair competition upon equal terms to all bidders, to secure the best values for the county at the least expense, and to afford an equal advantage to all desiring to do business with the county by affording an opportunity for an exact comparison of bids. (Wyatt Metal & Boiler Works vs. Fannin County,(Tex. Civ. App.) 111 S. W. (2d) 787; Woster vs. Belote,(Sup. Ct. Fla.) 138 So. 721; Poyner vs. Whiddon, (Sup. Ct. Ala.) 174 So. 507.)

In the case of Webster vs. Belote, supra, the court said:

"It has been generally recognized and held by the courts that it is the duty of public officers charged with the responsibility of letting contracts under the statute to adopt, in advance of calling for bids, reasonably definite plans or specifications, as a basis on which bids may be received. Such officers, in view of such requirement,

Honorable Joe D. Browning, page 7

are without power to reserve in the plans
or specifications so prepared in advance of
the letting the power to make exceptions,
releases, and modifications in the contract
after it is let, which will afford oppor-
tunities for favoritism, whether any
favoritism is actually practiced or not.
Neither can they include other reservations
which by their necessary effect will render
it impossible to make an exact comparison
of bids. Clark vs. Nelson, 42 Fla. 230,
89 So. 495; Dillon, Municipal Corp., para.
307, page 1211; 15 C. J. 550; 19 R. C. L.
1070; 3 McQuillan on Municipal Corp. (2nd
id.) pages 385, 386."

In view of the foregoing authorities, it is our
opinion that the materials on which bids are called for
should be specified by characteristics that would permit
bids on such materials whereby it would be possible to
make a fair comparison of bids on materials of that nature,
and such specifications should not be limited in a manner
that would eliminate fair competition upon equal terms to
all desiring to do business with the county with respect
to that particular material.

We trust that the foregoing fully answers your
inquiries.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

J. A. Ellis
Assistant

JAE:LJ

APPROVED MAY 26 1945

FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY